**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

ABSECON DO IT BEST HARDWARE                :

                                            :   Civil Action No. 1:17-cv-10760-JBS-JS
                         Plaintiff,         :
                                            :
                                            :
v.                                          :
                                            :
NATIONAL FIRE INSURANCE COMPANY OF          :
HARTFORD                                    :
                                            :
                         Defendant.         :
_____

### DEFENDANT, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, National Fire Insurance Company of Hartford ("NFICH"), by and through its undersigned counsel, in answer to Plaintiff's Complaint states as follows:

1.      Denied as stated. It is admitted that NFICH is licensed to issue policies of insurance in the State of New Jersey and that its principal place of business is located at 333 S. Wabash Avenue, Chicago, Illinois.

2.      Denied. It is admitted that NFICH issued Policy No. B 4031344262 ("the Policy") to "Absecon Do It Best Home Center" which provides coverage subject to the terms, conditions, exclusions, limitations and provisions contained therein. It is further admitted that NFICH has a copy of the policy in its possession. By way of further response, the Policy is a writing, the terms of which speak for themselves and NFICH denies any characterization of the same contrary to its express terms. The remaining allegations in Paragraph 2 constitute conclusions of law to which to response is required, and therefore, they are denied.

3.      Denied. The allegations in Paragraph 3 constitute conclusions of law to which no response is required. To the extent that a response is required, they are denied.

4.      Denied. The allegations in Paragraph 4 constitute conclusions of law to which no response is required. To the extent that a response is required, they are denied.

5.      Denied. The allegations in Paragraph 5 constitute conclusions of law to which no response is required. To the extent that a response is required, they are denied.

6.      Denied. The allegations in Paragraph 6 constitute conclusions of law to which no response is required. To the extent that a response is required, they are denied.

7.      Denied. The allegations in Paragraph 7 constitute conclusions of law to which no response is required. To the extent that a response is required, they are denied.

WHEREFORE, Defendant, National Fire Insurance Company of Hartford, requests that judgment be entered in its favor and against Plaintiff, Absecon Do It Best Hardware, dismissing Plaintiff's Complaint with prejudice together with an award of all damages, costs, and other relief the Court deems just and appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against NFICH upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not an insured under the Policy issued by NFICH and does not have privity of contract.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Policy's suit limitations provision.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are or may be barred, in whole or in part, on the grounds of accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff received payment on the claim from a collateral source.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to join necessary and indispensable parties to this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for coverage is subject to the terms, provisions, conditions, limitations, exclusions and deductibles contained in the Policy which are fully incorporated herein by reference.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover for loss or damage to property that was not caused by a Covered Cause of Loss as defined in the Policy.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained direct physical loss or damage to Covered Property as described in the Policy from a Covered Cause of Loss.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover under the Policy for loss of or damage to Property Not Covered or for property for which no limit is shown in the Declarations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to advance a claim against NFICH.

## TWELFTH AFFIRMATIVE DEFENSE

The NFICH policy does not provide coverage for any entity or person not specifically named as an insured under such policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

There is no coverage for the claim at issue to the extent that the alleged NFICH policy excludes coverage for damages claimed for any loss, cost or expense incurred by an insured by reason of the assumption of liability in a contract or agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE

There is no coverage for the claim at issue to the extent there was a breach of the conditions precedent of insurance coverage.

## FIFTEENTH AFFIRMATIVE DEFENSE

Coverage is barred if an insured failed to disclose or misrepresented or concealed facts that were material to the risks purportedly undertaken by NFICH for the purposes of inducing the issuance of any alleged policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any award of attorneys' fees incurred in this action would be an unconstitutional violation of the doctrines of separation of powers and equal protection under the law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks recovery for loss or damage caused directly, indirectly, concurrently, or in any sequence with an excluded cause of loss or loss or damage that is specifically excluded under the Policy, there is no coverage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery against NFICH because Plaintiff or an insured failed to comply with any or all of the terms and conditions under the NFICH policy.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery against NFICH because coverage was properly denied and denied in good faith under the terms of the applicable policy.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained a covered loss, Plaintiff is not entitled to any recovery against NFICH because NFICH has already issued full payment for that loss.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Pursuant to the policy, NFICH will not pay for loss or damage to

> **(1)** The "interior of any building or structure" or to personal property in the building or structure, caused by rain, snow, sleet or ice whether driven by wind or not, unless:
>
>> **(a)** The building or structure first sustains actual damage to the roof or walls by wind or hail and then we will pay only for the loss to the "interior of the building or structure" or the personal property in the building or structure that is caused by rain, snow, sleet, sand or dust entering the building(s) or structure(s) through openings in the roof or walls made by direct action of wind; or
>> **(b)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure…

To the extent that Plaintiff demands coverage for loss of or damage to the "interior of any building or structure" or to personal property caused by rain, snow, sleet or ice that did not enter a structure or building through openings in the roof or walls made by direct action of wind, there is no coverage under the Policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Policy excludes coverage for loss or damage caused directly or indirectly by

"neglect" as follows:

**B. EXCLUSIONS**

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

   \*    \*    \*

**h. Neglect**
Neglect of an insured to use reasonable means to save and preserve property from further damage at and after the time of loss.

To the extent that Plaintiff demands coverage for loss or damage caused directly or indirectly by

Neglect, there is no coverage under the Policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Policy excludes coverage for loss or damage caused by or resulting from wear and

tear as follows:

**B. EXCLUSIONS**

     \*  \*  \*

2. We will not pay for loss or damage caused by or resulting from any of the following:

     \*  \*  \*

**d. Other Types Of Loss**
(1) Wear and tear;

To the extent that Plaintiff demands coverage for loss of or damage caused by or resulting from

wear and tear, there is no coverage under the Policy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Policy excludes coverage for loss or damage caused by or resulting from rust,

corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that

causes it to damage or destroy itself as follows:

**B. EXCLUSIONS**

\*          \*          \*

2. We will not pay for loss or damage caused by or resulting from any of the following:

\*          \*          \*

**d. Other Types Of Loss**

\*          \*          \*

(2) Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

To the extent that Plaintiff demands coverage for loss of or damage caused by or resulting from rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself, there is no coverage under the Policy.

<u>**TWENTY-FIFTH AFFIRMATIVE DEFENSE**</u>

The Policy excludes coverage for loss or damage caused by or resulting from dampness or dryness of atmosphere or changes in or extremes of temperature as follows:

**B. EXCLUSIONS**

\*          \*          \*

2. We will not pay for loss or damage caused by or resulting from any of the following:

\*          \*          \*

**d. Other Types Of Loss**

\*          \*          \*

(7) The following causes of loss to personal property:
(a) Dampness or dryness of atmosphere;
(b) Changes in or extremes of temperature;

To the extent that Plaintiff demands coverage for loss of or damage caused by or resulting from dampness or dryness of atmosphere or changes in or extremes of temperature, there is no coverage under the Policy.

<u>**TWENTY-SIXTH AFFIRMATIVE DEFENSE**</u>

The Policy excludes coverage for loss or damage caused by or resulting from seepage as follows:

**B. EXCLUSIONS**

*          *          *

2. We will not pay for loss or damage caused by or resulting from any of the following:

*          *          *

**f. Seepage**

Continuous or repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

To the extent that Plaintiff demands coverage for loss of or damage caused by or resulting from Seepage, there is no coverage under the Policy.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's right to recovery under the Policy is barred because it failed to provide prompt notice of the loss or damage.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff did not rebuild, repair or replace the damaged property with reasonable speed.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, NFICH acted reasonably, prudently, in good faith and with due regard to the interests of its insured under the policy and any applicable law.

**THIRTIETH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff failed to mitigate its losses, there is no coverage for costs associated with its failure to mitigate.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The Policy provides that Plaintiff must comply with certain duties in the event of a loss or damage:

**3.   Duties in the Event of Loss or Damage**

**a.**  You must see that the following are done in the event of loss or damage to Covered Property:

> **(1)**  Notify the police if a law may have been broken.

> **(2)**  Give us prompt notice of the loss or damage.  Include a description of the property involved.

> **(3)**  As soon as possible, give us a description of how, when and where the loss or damage occurred.

> **(4)**  Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance.  However, we will not pay for any loss or damage from a cause of loss that is not a Covered Cause of Loss.  Also if feasible, set the damaged property aside and in the best possible order for examination.

> **(5)**  At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed.

> **(6)**   As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your book and records.

> Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

> **(7)**  Send us a signed, sworn proof of loss containing the information we request to investigate the claim.  You must do this within 60 days after our request.  We will supply you with the necessary forms.

> **(8)**  Cooperate with us in the investigation or settlement of the claim.

> **(9)**  Resume all or part of your "operations" as quickly as possible.

**b.**  We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any

matter relating to this insurance or the claim, including an insured's books and records.  In the event of an examination, an insured's answers must be signed.

Plaintiff's right to any recovery under the Policy is barred because it has failed to comply with some or all of its duties.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

NFICH specifically reserves the right to submit any disagreement as to the amount of the loss to Appraisal as provided under the Policy.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent that there is coverage (which is denied) for business income and/or extra expense losses, recovery for those losses is limited by the terms, conditions, limitations and exclusions of the policy including, but not limited to the provisions set forth in Business Income and Extra Expense Form (SB-146802-C) which states, in pertinent part,  as follows:

1.    **Business Income**

    **a.**    Business Income means:

        **(1)**    Net Income (Net Profit or Loss before Income taxes) that would have been earned or incurred, including:

            **(a)**    "Rental Value"; and

            **(b)**    "Maintenance Fees," if you are a condominium association; and

        **(2)**    Continuing normal operating expenses incurred, including payroll, subject to 90 day limitation if indicated on the Declaration page.

    **b.**    We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of

Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 1,000 feet of the site at which the described premises are located.

**c.** Your loss of Business Income is covered up to 30 consecutive days when caused as a direct result of damage, by a Covered Cause of Loss, to property adjacent to your premises.

**d.** With respect to the requirements set forth in Paragraph **b.** above, if you rent, lease or occupy only part of the site at which the described premises are located, the described premises means:

**(1)** The portion of the building which you rent, lease or occupy; and

**(2)** Any area within the building or on the site at which the described premises are located, if that area services, or is used to gain access to, the described premises.

\*              \*              \*

## 2. Extra Expense

a. Extra Expense means reasonable and necessary expenses you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss of or damage to property caused by or resulting from a Covered Cause of Loss.

b. We will pay Extra Expense (other than the expense to repair or replace property) to:

(1) Avoid or minimize the "suspension" of business and to continue "operations" at the described premises or at replacement premises or temporary locations, including relocation expenses and costs to equip and operate the replacement premises or temporary locations; or

11

(2) Minimize the "suspension" of business if you cannot continue "operations."

c. We will also pay Extra Expense (including Expediting Expenses) to repair or replace the property, but only to the extent it reduces the amount of loss that otherwise would have been payable under Paragraph **1.** Business Income above.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that there is coverage (which is denied) for business income and extra expense losses, recovery for those losses is limited by the terms, conditions, limitations and exclusions of the Policy including, but not limited to the Policy's definition of "period of restoration," as follows:

**20.** **"Period of restoration"** means the period of time that:

a. Begins with the date of direct physical loss or damage caused by or resulting from any Covered Cause of Loss at the described premises; and

b. Ends on the earlier of:

(1) The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

(2) The date when business is resumed at a new permanent location.

"Period of restoration" does not include any increased period required due to the enforcement of any law that:

(a) Regulates the construction, use or repair, or requires the tearing down of any property; or

          **(b)**     Regulates the prevention, control, repair, clean-up or restoration of environmental damage.

          The expiration date of this policy will not cut short the "period of restoration."

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Consequential losses, delay losses, loss of use, or loss of market are excluded from coverage under the Policy.  To the extent Plaintiff seeks to recover for such damages, there is no coverage.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The Policy Declarations and other provisions provide deductibles for various covered losses or damages.  To the extent Plaintiff seeks recovery for amounts less than the deductibles, there is no coverage.  Moreover, NFICH has no obligation to pay unless or until the deductibles are satisfied.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

NFICH has reserved and continues to reserve its right to deny coverage on any applicable grounds with respect to those claims already identified and tendered by Plaintiff as well as any future claims made by Plaintiff or any insured under the Policy.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The Complaint does not describe the events and claims therein alleged with sufficient particularity to enable NFICH to determine what defenses (including defenses based on the terms, conditions, limitations, or exclusions contained in or incorporated into the Policy) may exist to such events and claims.  NFICH may have additional defenses that cannot now be articulated due to the fact that NFICH does not have all of the documents and information bearing on the insurance coverage issues raised by this action. Because NFICH cannot now

assert all of the defenses it may have to coverage under the Policy, it expressly reserves its right to reevaluate its defenses and/or to assert additional defenses upon the particularization of the claims, upon discovery and review of additional documents and information, and upon the development of other pertinent facts.

Dated:  November 9, 2017                Respectfully submitted,

                                        CNA COVERAGE LITIGATION GROUP


                                        By:      *s/ Melissa A. Cornibe*
                                                 Melissa A. Cornibe, Esq.
                                                 Three Radnor Corporate Center
                                                 100 Matsonford Road, Suite 200
                                                 Radnor, PA  19087
                                                 P  (610) 964-5824
                                                 F  (609) 524-3658
                                                 melissa.cornibe@cna.com
                                                 *Counsel for Defendant,*
                                                 *National Fire Insurance Company of Hartford*